IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**TIERRA LAND, Individually;**
**And, on Behalf of All Others Similarly Situated          PLAINTIFF**

**VS.                         CASE NO. 6:21-CV-6153-SOH**

**CENTERFOLD ENTERTAINMENT CLUB, INC.; and,**
**JESSIE ORRELL                                DEFENDANTS**

## DEFENDANT'S BRIEF
## AND MEMORANDUM OF POINTS AND AUTHORITIES
## IN OPPOSITION TO PLAINTIFF'S MOTION
## FOR PARTIAL SUMMARY JUDGMENT

### I.   Introduction

In support of their Motion filed herein, the Plaintiffs have recited *United States vs. Silk*, 331 U.S. 704 (U.S. 1947), in that, the Supreme Court identified the following five factors to be considered in determining whether a purported independent contractor is, in reality, an employee: "[1] degrees of control, [2] opportunities for profit or loss, [3] investment in facilities, [4] permanency of relation and [5] skill required in the claimed independent operation" Id. at 716. The Defendants would assert that the Plaintiffs are not entitled

Defendant's Brief
And Memorandum of Points and Authorities
In Opposition to Plaintiff's Motion
For Partial Summary Judgment

---

to partial summary judgment herein as a matter of law as they fail to meet the requirements of same.

## II.   ARGUMENT

**1. Control**

The Defendants herein operate a business known as the Centerfold Club (the "Club") wherein patrons come to the place of business for live entertainment. The Entertainers are independent contractors and not employees as a matter of law for the reasons set forth hereafter. The Entertainers have complete freedom in the way that they perform services at the Club. The entertainers are free to come and go as they please and do not have to come in at any certain time or date. There are no written schedules requiring attendance or hours. If the Entertainer so chooses, they can and do leave freely without punishment or consequence. The entertainers also are free to choose any dress or combination of clothes without input or instruction from the Defendants or anyone else associated with the Club. The Entertainers are also not required to purchase anything from the club and they have complete autonomy as to how they entertain and with whom they interact.

Case 6:21-cv-06153-SOH   Document 43   Filed 04/19/23   Page 3 of 5 PageID #: 181

Defendant's Brief
And Memorandum of Points and Authorities
In Opposition to Plaintiff's Motion
For Partial Summary Judgment

### 2.     Opportunities for profit or loss

The entertainers have complete control over their own profit or loss. They make their own hours and days. They also exercise complete autonomy over how they conduct themselves and therefore control how much money they make. The entertainers choose their own dress and music and make the decision as to what activities they will undertake and how they are paid for same. The defendants merely supply the place and opportunities but all of the remaining decisions as to the methods the entertainer chooses to invoke belong solely to the entertainer.

### 3.     Investment in facilities

The Defendants provide a safe environment in that they provide a building with a stage, tables and music system to facilitate the entertainer's ability to perform in any manner they choose for the purpose of earning money. The Defendants provide premises liability insurance and security for the benefit of the patrons and the entertainers. The entertainers otherwise are free to utilize the premises at their complete discretion or not at all. The facilities are at times unable to be utilized or open for operation

Case 6:21-cv-06153-SOH Document 43 Filed 04/19/23 Page 4 of 5 PageID #: 182

Defendant's Brief
And Memorandum of Points and Authorities
In Opposition to Plaintiff's Motion
For Partial Summary Judgment

due to lack of interest from the entertainers and on those occasions, the Club will simply not open for business.

**4.** **Permanency of Relationship**

The entertainers at the Club are free to come and go and they typically are very transient in nature. The entertainers may work for a short period of time and then simply disappear for short period, long periods, or never return at all. There is no penalty for this type of nomadic conduct and the entertainers are able to perform even after being gone for prolonged periods of time. The entertainers typically do not call in if they are not going to be present and there is no penalty for not showing up during any particular day. The entertainers are free to perform at competing ventures without penalty and many do perform at competitors' operations simultaneous to performing at the Club.

**5.** **Skill required in the claimed independent operation**

The entertainers have complete autonomy in the manner in which they perform their services. They are not required to possess any specific training and the Club provides no training nor rules in the way in which an entertainer chooses to perform their services. There is no dress code or requirements as to their choice of music and absolutely no rule or guidance

Defendant's Brief
And Memorandum of Points and Authorities
In Opposition to Plaintiff's Motion
For Partial Summary Judgment

---

on how an entertainer should perform services. The entertainers choose their own hours, music, dress and any other factor associated with their relationship with the Club.

### III.  CONCLUSION

For the reasons stated above and in the Declaration filed herewith, this Court should deny the Motion for Partial Summary Judgment.

By: \_\_\_\_**/s/ Travis J. Morrissey**_____
Travis J. Morrissey, Arkansas Bar #99033
**Morrissey Law Firm**
835 Central Avenue – Suite 509
Hot Springs, Arkansas 71901
(501) 623-7372 or 622-6767 Telephone
(501) 623-2822 Facsimile
Electronic Mail - tjm@tjmlegal.com
Website – Hotspringslawyer.net