IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**TIERRA LAND, Individually and on**                                                      **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                               No. 6:21-cv-6153-SOH

**CENTERFOLD ENTERTAINMENT**                                       **DEFENDANTS**
**CLUB, INC., and JESSIE ORRELL**

## REPLY IN SUPPORT OF PLAINTIFF'S MOTION
## FOR PARTIAL SUMMARY JUDGMENT

### I.
### INTRODUCTION

The affidavit of *Defendant* makes it perfectly clear that undisputed facts support Plaintiff's Motion for Partial Summary Judgment. In response to Plaintiff's Motion, Defendants failed to cite any legal authority that would support Defendants' position. On the other hand, Plaintiff's position is not only supported by multiple decisions across the country, but this Court has already dealt with the same Defendants and concluded that the exotic dancers in that case were employees entitled to coverage under the FLSA and Defendants violated the FLSA by not paying minimum wage. *See Miller v. Centerfold Entm't Club, Inc.*, Case No. 6:14-cv-6074, 2017 U.S. Dist. LEXIS 125945, W.D. Ark. August 9, 2017).

Furthermore, given that Defendants were involved in previous litigation concerning the same issues, Defendant knew FLSA applied to the operation of an adult entertainment club. And despite this Court's order in *Miller*, Defendants continue to misclassify its exotic dancers as independent contractors, showing willful withholding of all wages from Plaintiff

Page 1 of 8
Tierra Land, et al. v. Centerfold Entertainment Club, Inc., et al.
U.S.D.C. (W.D. Ark.) No. 6:21-cv-6153-SOH
Reply in Support of Plaintiff's Motion for Partial Summary Judgment

in violation of the Act. The undisputed facts show that this case is indistinguishable from the *Miller* case and many other similar cases holding that exotic dancers such as Plaintiff here are employees entitled to the protection of the FLSA. Therefore, Plaintiff's Motion for Partial Summary Judgment should be granted.

## II.
## ARGUMENT

The conditions of Plaintiff's work are consistent with the large body of case law holding that exotic dancers are employees of the clubs where they work and are entitled to coverage under the under FLSA. Defendants cite no facts that distinguish this case from the many in which dancers have been held to be employees under the FLSA. Not only are there cases nationwide, but this Court has previously determined, including a case with Centerfold, that exotic dancers that are labeled "independent contractors" can be considered employees for FLSA purposes due to the economic reality of their relationship to the club at which they dance. *See Miller*, 2017 U.S. Dist. LEXIS 125945; *Evans v. Silver Dollar Cabaret*, Case No. 5:15-CV-5177, 2017 U.S. Dist. LEXIS 227499 (W.D. Ark. December 19, 2017); *Whitworth v. French Quarter Partners, LLC*, No. 6:13-cv-6003, 2014 U.S. Dist. LEXIS 190419, 2014 WL 12594213 at *3-8 (W.D. Ark. June 30, 2014); *See also Collins v. Barney's Barn, et al.*, 2013 U.S. Dist. LEXIS 184276 (E.D. Ark. 11/14/2013); *Gardner v. Country Club, Inc.*, No. 4:13-cv-03399-BHH, 2015 U.S. Dist. LEXIS 162009, 2015 U.S. Dist. LEXIS 162009, 2015 WL 7783556 at *12 (collecting a multitude of cases across several Circuits that conclude that exotic dancers are employees).

As already discussed in Plaintiff's Brief (ECF No. 32), Courts typically employ the economic realities test to determine whether an individual is an employee under the

Page 2 of 8
Tierra Land, et al. v. Centerfold Entertainment Club, Inc., et al.
U.S.D.C. (W.D. Ark.) No. 6:21-cv-6153-SOH
Reply in Support of Plaintiff's Motion for Partial Summary Judgment

FLSA. *See Whitworth*, 2014 U.S. Dist. LEXIS 190419, 2014 WL 12594213, at *3. "In determining whether an entity functions as an individual's employer, courts generally look to the economic reality of the arrangement." *Blair v. Wills*, 420 F.3d 823, 829 (8th Cir. 2005) (citing *Goldberg v. Whitaker*, 366 U.S. 28, 33 (1961)). Under this test, the Court looks "to the 'economic reality' of all of the circumstances concerning whether the putative employee is economically dependent upon the alleged employer." *Whitworth*, 2014 U.S. Dist. LEXIS 190419, 2014 WL 12594213, at *3. In order to assess the degree of economic dependence in this case, the following factors have to be considered: (1) the degree of control exercised by the employer over the workers; (2) the workers' opportunity for profit or loss and their investment in the business; (3) the degree of skill and independent initiative required to perform the work; (4) the permanence or duration of the working relationship; and (5) the extent to which the work is an integral part of the employer's business. *Whitworth,* 2014 U.S. Dist. LEXIS 190419, 2014 WL 12594213, at *5-7; *see also United States v. Silk*, 331 U.S. 704 (1947).

In their response to Plaintiff's Motion, Defendants interpret the five-factor standard for determining whether an employer-employee relationship exists rather loosely. For this Court to hold that Plaintiff was an independent contractor under the FLSA, it would have to conclude that Centerfold is a truly unique club: a club that could operate just as successfully without exotic dancers, where dancers work under conditions different from those in virtually every other adult entertainment establishment in the country. As explained below, the undisputed facts—even the dubious version of the facts urged by Defendants—simply do not support that conclusion. Defendants operated under the same business model that has been rejected by courts nationwide.

Page 3 of 8
Tierra Land, et al. v. Centerfold Entertainment Club, Inc., et al.
U.S.D.C. (W.D. Ark.) No. 6:21-cv-6153-SOH
Reply in Support of Plaintiff's Motion for Partial Summary Judgment

First, the "Degree of Control" factor favors Plaintiff. Defendants claim that Plaintiff and other dancers are independent contractors simply because they are free to come and go as they please, they are free to choose what they wear and have complete autonomy as to how they entertain and with whom they interact. (Def.'s Brief, ECF No. 43). Defendants further claim there are no written schedules requiring attendance or hours. *Id.* On the other hand, Defendant Orrell states dancers cannot work on Friday or Saturday unless they have worked on weekdays prior to the weekend. (Decl. of Orrell ¶ 6, ECF No. 42). It is undisputed that Defendants exerted a significant amount of control over business operations and that Plaintiff was not a separate economic entity. Plaintiff had no authority to set prices, negotiate her pay, decline assignments, or create policies. (Decl. of Land, ECF No. 10-7). Defendants retained this authority exclusively. Defendants also maintained its facilities, insurance, sound system, music, and security. (Decl. of Orrell ¶ 2-4, ECF No. 42). Assuming arguendo Defendants statements are true, the Courts have refused Defendants' argument in prior cases and addressed the questions whether dancer's "freedom to work when she wants and for whomever she wants reflects economic independence, or whether the freedoms merely mask the economic reality of dependence." *Harrell v. Diamond A Entm't, Inc.*, 992 F.Supp. 1343, 1349 (M.D. Fla. 1997)(*citing Reich v. Priba Corp.*, 890 F. Supp. 586, 592 (N.D. Tex. 1995)); *see also Mednick v. Albert Enters., Inc.*, 508 F.2d 297, 303 (5th Cir. 1975) ("An employer cannot saddle a worker with the status of independent contractor, thereby relieving itself of its duties under the FLSA, by granting [her] some legal powers where the economic reality is that the worker is not and never has been independently in the business which the employer would have [her] operate"). The Courts consider "not only the club's rules and

Page 4 of 8
Tierra Land, et al. v. Centerfold Entertainment Club, Inc., et al.
U.S.D.C. (W.D. Ark.) No. 6:21-cv-6153-SOH
Reply in Support of Plaintiff's Motion for Partial Summary Judgment

guidelines regarding the dancers' performances and behavior, but also to the club's control over the atmosphere and clientele.'" *McFeeley v. Jackson St. Entm't, LLC*, 47 F. Supp. 3d 260, 268 (D. Md. 2014), aff'd. 825 F.3d 235 (4th Cir. 2016). As stated in Plaintiff's Declaration and Defendants' Response, the dancers at Centerfold were generally expected to abide by certain rules while working at the club, the prices to be charged for dances and drinks were set by the club with no input from the dancers, the Defendants did the advertising, maintained the building, security, insurance, Defendants required dancers to adhere to a stage rotation, dress code, to work at certain, pre-arranged times and follow other rules set by Defendants. Like the defendants in other cases, Defendants created and controlled the atmosphere in which Plaintiff worked. Plaintiff and other dancers appeared at Centerfold as scheduled and performed the principal service offered by the club—adult entertainment—for the patrons there. Plaintiff was not, like plumbers or electricians, independent entrepreneur who appeared by appointment to perform services for individual customers; she was, as a matter of economic reality, Defendants' employee, hired to perform the services on Defendants' menu for Defendants' customers at Defendants' premises during Defendants' normal hours of operation. And even if Plaintiff would enjoy a certain amount of flexibility as a dancer for Defendants, the degree of control exercised by Defendants reflects the reality that Plaintiff and other dancers were economically dependent on the club.

Secondly, Courts nationwide, including this Court, have found that the adult entertainment clubs are generally "structured in such a way that the dancers will never have the same opportunity for profit as the owner of the business." *Miller*, 2017 U.S. Dist. LEXIS 125945; *Whitworth*, 2014 U.S. Dist. LEXIS 190419, 2014 WL 12594213, at *5. The

Page 5 of 8
Tierra Land, et al. v. Centerfold Entertainment Club, Inc., et al.
U.S.D.C. (W.D. Ark.) No. 6:21-cv-6153-SOH
Reply in Support of Plaintiff's Motion for Partial Summary Judgment

reason is that "Plaintiffs have no ownership interest in the club, and they bear no risk of economic loss. The worst a dancer can do on any given night is to make no money if she receives no tips or dance fees." *Id*. Also, Defendants are responsible for the general business operations, such as prices, hours of operation, secutiry, advertising, management, maintenance, and the general aesthetics and atmosphere of the business. Because of their significant role in bringing business into the club, Defendants have a better opportunity for profit and loss. *Priba Corp.*, 890 F. Supp. at 593. As such, this factor also weighs in favor of Plaintiff being an employee, not independent contractor. Also, compared to the considerable investments of the Defendants, Plaintiff's investment is relatively minor and indicative of her employment. *See Reich v. Circle C. Investments, Inc.,* 998 F.2d 324, 328 (5th Cir. 1993).

As to the third factor, "many other courts have previously found that little specialized skill is required to be a nude dancer." *Miller*, 2017 U.S. Dist. LEXIS 125945, at *16 (citing *Thompson v. Linda And A., Inc*, 779 F. Supp. 2d 139, 149 (D.D.C. 2011) (citations omitted). And Defendants agree "[dancers] are not required to possess any specific training and the Club provides no training." (Def.'s Brief p. 4, ECF No. 43). Again, this factor weighs in Plaintiff's favor of being an employee.

As to the fourth factor, "[t]he more permanent the [working] relationship, the more likely it is that a court will find a worker to be an employee." *Evans v. Silver Dollar Cabaret*, 2017 U.S. Dist. LEXIS 227499, at *9 (citing *Thompson*, 779 F. Supp. 2d at 150). While the exotic dancing profession is generally regarded as being a rather transient one, the Plaintiff in this case worked for Defendants for many years. Plaintiff stated, and Defendants do not dispute, that she worked for Defendants from approximately August

Page 6 of 8
Tierra Land, et al. v. Centerfold Entertainment Club, Inc., et al.
U.S.D.C. (W.D. Ark.) No. 6:21-cv-6153-SOH
Reply in Support of Plaintiff's Motion for Partial Summary Judgment

of 2017 until September of 2020. (Decl. of Land ¶ 4, ECF No. 10-7). As such, this factor also weights in favor of the Plaintiff's position.

Finally, the evidence clearly established that the main service Defendants provides to its customers is entertainment by exotic dancers. "Exotic dancers are obviously essential to the success of a topless night club." *Harrell*, 992F. Supp. at 1352. "There would be no entertainment for the Centerfold Entertainment Club without the exotic dancers." *Miller*, 2017 U.S. Dist. LEXIS 125945, at *18. It is readily apparent that the work performed by Plaintiff and other dancers is an integral part of Defendants' business, and this is an indicator of their economic dependence upon the club. This factor therefore also weighs in favor of Plaintiff's employee status.

As addressed above, courts in Arkansas and throughout the country have found exotic dancers to be employees, not independent contractors. As employers in the adult entertainment night club industry, Defendants should have been aware of, and in fact were aware from a prior case involving them, the employment status of exotic dancers under the FLSA. The undisputed facts show that dancers for Defendants were employees, not independent contractors. Accordingly, Plaintiff's Motion for Partial Summary Judgment should be granted.

### III.
### CONCLUSION

It is well established that exotic dancers are employees protected by the FLSA and the AMWA. Defendants were aware of the prevailing law but continued to operate under the same business model that courts throughout the country have examined and found to be unlawful. Because the facts relevant to Plaintiff's Motion for Partial Summary Judgment are undisputed, this Court should grant Plaintiff's Motion in its entirety so that

Page 7 of 8
Tierra Land, et al. v. Centerfold Entertainment Club, Inc., et al.
U.S.D.C. (W.D. Ark.) No. 6:21-cv-6153-SOH
Reply in Support of Plaintiff's Motion for Partial Summary Judgment

this case can proceed to an efficient trial of the facts that are a matter of genuine dispute.

          Respectfully submitted,

          **TIERRA LAND, Individually**
          **and on Behalf of All Others**
          **Similarly Situated, PLAINTIFFS**

          SANFORD LAW FIRM, PLLC
          Kirkpatrick Plaza
          10800 Financial Centre Pkwy, Suite 510
          Little Rock, Arkansas 72211
          Telephone: (501) 221-0088
          Facsimile: (888) 787-2040

          Josh Sanford
          Ark. Bar No. 2001037
          josh@sanfordlawfirm.com

**Page 8 of 8**
**Tierra Land, et al. v. Centerfold Entertainment Club, Inc., et al.**
**U.S.D.C. (W.D. Ark.) No. 6:21-cv-6153-SOH**
**Reply in Support of Plaintiff's Motion for Partial Summary Judgment**