IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**TIERRA LAND, Individually and on**  **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs. No. 6:21-cv-6153-SOH

**CENTERFOLD ENTERTAINMENT**  **DEFENDANTS**
**CLUB, INC., and JESSIE ORRELL**

### PLAINTIFF'S PRETRIAL DISCLOSURE SHEET

Plaintiff Tierra Land, individually and on behalf of all others similarly situated, by and through her attorney Josh Sanford of the Sanford Law Firm, PLLC, and for her Pretrial Disclosure Sheet she does hereby state as follows:

1. **Identity of the party submitting information.**

Plaintiff Tierra Land, by and through her attorney of the Sanford Law Firm, PLLC.

2. **Names, addresses, and telephone numbers of all counsel for the parties.**

Josh Sanford of the Sanford Law Firm, PLLC, Kirkpatrick Plaza, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, Phone: (501) 221-0088, Facsimile: 888-787-2040, Email: josh@sanfordlawfirm.com.

3. **A brief summary of the claims and relief sought.**

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the Arkansas Minimum Wage Act ("AMWA"), A.C.A. § 11-4-201 et seq. The FLSA requires employers to pay each employee for all hours worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he is employed."

29 U.S.C. § 207(a)(1). Similarly, during the time period at issue in this lawsuit, the AMWA required employers to pay each employee for all hours worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he or she is employed." A.C.A. § 11-4-211.  Plaintiffs seek to recover damages in the form of unpaid overtime wages, liquidated damages, attorneys' fees, and costs as provided for by 29 U.S.C. § 216(b) and Ark. Code Ann. § 11-4-218.

4. **Prospects for settlement.**

Plaintiffs remain open to a reasonable settlement, but the prospects for settlement remain doubtful. No settlement negotiations have occurred at this time.

5. **The basis for jurisdiction and objections to jurisdiction.**

Plaintiffs seek relief under the FLSA, 29 U.S.C. § 201 *et seq*.  Therefore, this Court has federal question jurisdiction of this action under 28 U.S.C. § 1331.  This lawsuit also alleges causes of action under the AMWA, which arise out of the same set of operative facts as the federal causes of action, and which would be expected to be tried with the federal claims in a single judicial proceeding.  Accordingly, this Court has supplemental jurisdiction over the additional AMWA claims pursuant to 28 U.S.C. § 1367(a). The acts complained of in Plaintiff's Complaint were committed and had their principal effect within the Western District of Arkansas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391. Plaintiff knows of no objections to jurisdiction or venue.

6. **A list of pending motions.**

Plaintiff has a Motion for Partial Summary Judgment pending at this time.

7. **A concise summary of the facts.**

During the relevant time, Defendants Jessie Orrell and Centerfold Entertainment,

Inc. operate a nightclub called Centerfold in Hot Springs. Centerfold is a gentleman's club where female exotic dancers perform. Plaintiff was employed by Defendants to work as a Dancer at Centerfold from approximately August of 2017 until September of 2020. Defendants also employed other Dancers within the three years preceding the filing of Plaintiff's Complaint. Plaintiff brought this action individually and on behalf of all other similarly situated.

Defendant Jessie Orrell is a principal, director, officer, and/or owner of Centerfold. Defendants uniformly classified dancers as "independent contractors." Plaintiff's and other dancers' duties included dancing on stage at the club and performing personal dances call "lap dances" for individual customers. Defendants neither required dancers to have pervious experience to work as dancers, nor did Defendants provide training to dancers. Defendants set the hours of operation for the clubs. During the time she worked at Centerfold, Plaintiff spent the majority of her time working on "the floor", which is the non-stage area of the club.

An average shift was around 7 hours, and Plaintiff generally worked every day from Tuesday to Saturday, or approximately 35 hours per week. During the shifts when the club was not very busy, Plaintiff and other dancers were not able to sell enough drinks or dances to make minimum wage for all hours worked. Plaintiff and other dancers were not allowed to decline assignments, such as refusing to dance for a customer whom they found personally objectionable. Plaintiff and other dancers were required to be available to work at certain pre-arranged times. Plaintiff and other dancers were not allowed to leave work until Defendants said they could leave. Plaintiff and other dancers did not have the opportunity to negotiate their pay with Defendants. Plaintiff and other dancers had no input

in setting prices for Defendants' customers. Defendants set prices for lap dance and private dances. Plaintiff and other dancers were not paid hourly or salary wage. Plaintiff and other dancers were not paid overtime premiums when they worked over 40 hours per week. Plaintiff and other dancers received tips from Defendants' customers. Plaintiff and other dancers were paid $10 per drink they sold. Plaintiff and other dancers were paid $10 to $50 per dance they performed. Plaintiff and other dancers were not allowed to keep all of the money they earned.

Defendants, at their discretion, "fined" Plaintiff and other dancers for various "offenses", such as arriving late for a shift. Plaintiff and other dancers were required to dress according to Defendants' dress code. Defendants did not engage any dancer for a specific limited term; instead, the engagements were at will for an indefinite term. Defendants set their own policies and rules. Plaintiff and other dancers were required to follow Defendants' policies and rules.

**8.     All proposed stipulations.**

There haven't been any discussions arounds this.  Following the decision on the outstanding MPSJ, Plaintiff expects a lot of facts to be resolved.

**9.     The issues of fact expected to be contested.**

A.     Whether Defendants imposed or exercised any control over Plaintiff;

B.     The number of weeks that Plaintiff worked on the premises of Defendants' Club;

C.     The number of hours that Plaintiff worked on the premises of Defendants' Club each week;

  D. Whether Defendant had an objective good-faith belief that Plaintiff was properly classified.

  E. Whether Defendant had an subjective good-faith belief that Plaintiff was properly classified.

  F. Whether Defendant was willful in failing to pay Plaintiff as an employee.

**10. The issues of law expected to be contested.**

  A. Whether each Plaintiff was an employee or independent contractor under the FLSA;

  B. Whether each Plaintiff was an employee or independent contractor under the AMWA.

  C. Whether Defendant was willful in failing to pay Plaintiff as an employee.

**11. A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.**

Plaintiff expects to offer:

  A. A spreadsheet showing Plaintiff's damages calculations.

Plaintiff may offer the following exhibits:

  A. All exhibits identified by Defendant;

  B. Documents received by Plaintiff from Defendant, including exhibits to Court filings, if any.

**12.    The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.**

Plaintiff expects to call the following individuals as witnesses:

A.    Plaintiff Tierra Land;

B.    Defendant Jessie Orrell;

Plaintiff may call the following individuals as witnesses:

A.    Raymond Orrell;

B.    Any witnesses identified by Defendants.

**13.    The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.**

Complete.

**14.    An estimate of the length of trial and suggestions for expediting disposition of the action.**

Plaintiff estimates that the trial of this matter can be accomplished in one day if a full trial is necessary.  However, a full trial may not be necessary.  Plaintiff submits that the trial may be expedited if the Court entertains and rules from the bench on a motion from Plaintiff for partial judgment as a matter of law after the testimony of Defendants and their witnesses on the issue of whether Plaintiff is an employee or independent contractor and the issue of whether Mr. Orrell is individually liable, if appropriate.  If this Court grants Plaintiff's Motion

on that issue, then the parties could take a brief recess to attempt to settle the damages elements.

        Respectfully submitted,

        **PLAINTIFF TIERRA LAND,**
        **Individually and on Behalf of All**
        **Others Similarly Situated**

        SANFORD LAW FIRM, PLLC
        KIRKPATRICK PLAZA
        10800 FINANCIAL CENTRE PKWY, SUITE 510
        LITTLE ROCK, ARKANSAS 72211
        TELEPHONE: (501) 221-0088
        FACSIMILE: (888) 787-2040

        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com